UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| In Re:<br><br>CANYON PORT HOLDINGS, LLC and<br>CANYON SUPPLY & LOGISTICS, LLC,<br><br>　　　　Debtors.<br><br>~~~~~~~~~~~~~~~~~~~~~~~~<br><br>MCDERMOTT, INC.,<br><br>　　　　Appellant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 2:13-CV-00236<br>§<br>§<br>§<br>§ |

## OPINION AND ORDER

This case is before the Court on appeal from the United States Bankruptcy Court for the Southern District of Texas. McDermott, Inc. (McDermott) contends that the Bankruptcy Court erred by confirming a plan of reorganization for Canyon Port Holdings, LLC and Canyon Supply & Logistics, LLC (jointly Canyon) that contradicts the Bankruptcy Court's prior Order Rejecting Executory Contract (D.E. 4-3). According to McDermott, the Confirmation Order[1] thus violates 11 U.S.C. § 365 (concerning acceptance and rejection of executory contracts) and § 1129(a)(1), (2) (concerning confirmation of plans of reorganization only when in conformity with all provisions of Title 11, the relevant portions of which are sections 365 and 1123(b)(2)).

---

[1] "Order Confirming [Doc #314] Third Amended Chapter 11 Plan Of Reorganization Of The Consolidated Estates Of Canyon Port Holdings, LLC and Canyon Supply & Logistics, LLC," in substantively consolidated case No. 12-20314 (Bankr. S.D. Tex. July 17, 2013) (Bankr. Doc #367) (Confirmation Order).

For the reasons set out below, the Court DENIES the Motion to Dismiss Appeal as Moot (D.E. 8), DENIES oral argument requested in the parties' respective briefs (D.E. 4, 7) because the arguments are adequately briefed, and AFFIRMS the Confirmation Order.

## FACTUAL AND PROCEDURAL BACKGROUND

Canyon sought to purchase over 200 acres of real estate from McDermott through a Real Estate Purchase and Sale Contract dated November 22, 2010 (Executory Contract). As the time to close the sale approached, Canyon filed for relief under Chapter 11 of the United States Bankruptcy Code. Canyon was given an opportunity for its Bankruptcy Estate to accept the Executory Contract by demonstrating that it had cash or financing constituting adequate assurance that it would perform the executory portion of the contract by meeting the $30 million contractual sale price for the realty. D.E. 4-2. On February 13, 2013, after Canyon's failure to make this showing, the Bankruptcy Court issued its Order Rejecting Executory Contract (D.E. 3-4, p. 10). That Order was not appealed. Pursuant to that Order, McDermott was permitted to, and did, terminate the Executory Contract.

Thereafter, on February 28, 2013, Canyon filed against McDermott in the County Court at Law No. 1, Nueces County, Texas under cause number 2013-CCV-60339-1, an action alleging various claims related to fraud, misrepresentation, negligence, and breach of contract with respect to McDermott's conduct in the formation and performance of the Executory Contract. In that state court litigation, Canyon seeks a number of remedies, including reinstatement and reformation of the contract, specific performance, and title to the property. D.E. 3-4, pp. 14-40. McDermott argues that the request for these remedies

is contrary to the Bankruptcy Court's order rejecting the Executory Contract and permitting its termination. To the extent that the Plan of Reorganization,[2] as confirmed, permits this state law action, McDermott argues that confirmation violates Bankruptcy Code §§ 365 and 1123.

## DISCUSSION

Canyon's Plan of Reorganization, which the Bankruptcy Court confirmed, is funded in part by the anticipated proceeds of the McDermott state litigation. The Plan of Reorganization recites:

> The Reorganized Debtor, specifically retain[s] all rights, claims, causes of action, remedies, and defenses that are currently plead or that arise out of the transactions, facts and circumstances made the basis of the cases currently pending and styled:
>
> Canyon Supply & Logistics, LLC v. McDermott, Inc., Mark Peterson and Cary R. Ratterree, Cause No. 2013-CCV-60339-1, In the County Court at Law No. 1, Nueces County, Texas; and [unrelated Max Financial lawsuit].

Third Amended Plan of Reorganization, p. 18. Lest this Plan provision appear to invite the argument that "all rights, claims, causes of action, remedies, and defenses *that are currently plead*"[3] reinstates rights eliminated by rejection of the Executory Contract and its termination, the Court notes that the following provisions appear in the Plan of Reorganization and Confirmation Order:

> d. The Purchase Contract with McDermott has been rejected and there are no allowed claims against the Debtors for such

---

[2] Third Amended Plan of Reorganization of the Consolidated Estates of Canyon Port Holdings, LLC and Canyon Supply & Logistics, LLC (Bankr. Doc #314) (Plan of Reorganization).

[3] Emphasis added.

> Rejection, any defaults that contract [sic] attributable to either of the Consolidated Debtors on the Petition Date, or that occurred prior to the Effective Date of the Plan as all such claims are barred.

Plan of Reorganization, Summary of Plan, p. 2.

> Rejected Executory Contracts and Unexpired Leases
>
> Effective upon Confirmation Date, the Debtors reject all executory contracts and unexpired leases not previously rejected by Order of the Bankruptcy Court:
>
> The Debtor believes there are no executory contracts or unexpired leases, except the McDermott Contract, which was deemed rejected by Order of the Bankruptcy Court. SEE Exhibit "K" attached to the Disclosure Statement "McDermott Order" lifting the stay.

Plan of Reorganization, p. 17.

> 36. Unexpired Leases and Executory Contracts. Except as may be provided otherwise in any prior Final Order of the Court in this Chapter 11 Case, all executory contracts and unexpired leases of the Debtor that exist between the Debtor and any Entity will be assumed or rejected as more particularly described in the Plan, and the Debtor is authorized to assume or reject any such executory contracts or unexpired leases as provided in the Plan.

Confirmation Order, p. 12.

> 55. This order does not modify or affect the Order Rejecting Executory Contract of February 13, 2013, entered by this Court [ECF #198 in the bankruptcy case] and McDermott and Canyon reserve their rights to assert waiver, release, or defenses, that were created, released or waived by that order, if any.

Confirmation Order, p. 18.

Given that the Bankruptcy Court clearly preserved and enforced the rejection of the Executory Contract when it confirmed the Plan of Reorganization, McDermott's

complaints can only be read as seeking a determination that rejection of the Executory Contract translates to the elimination of particular claims and remedies asserted in the state court litigation. Without having jurisdiction to adjudicate the state court controversy,[4] any such decision in that regard would amount to an impermissible advisory opinion. *See generally*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

The Court finds that the Confirmation Order does not violate 11 U.S.C. §§ 365, 1123, or 1129. McDermott's issues on appeal are OVERRULED and the Bankruptcy Court's Confirmation Order is AFFIRMED.

ORDERED this 12th day of November, 2013.

                                                  */s/ Nelva Gonzales Ramos*
                                                  NELVA GONZALES RAMOS
                                                  UNITED STATES DISTRICT JUDGE

---

[4] The state court action was previously removed to this Court and remanded back to the state court. *Canyon Supply & Logistics, LLC v. McDermott, Inc.*, No. 13-cv-00089 (S.D. Tex. June 24, 2013).